UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>TERRY ROYAL, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:24-cv-00605-ART-CLB<br><br>ORDER |

On December 26, 2024, Matthew Travis Houston, an individual incarcerated at Nevada's Ely State Prison, submitted for filing an application to proceed *in forma pauperis* (ECF No. 1), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1) and an "Objection to the Impressment of Plaintiff Requiring Mr. Houston to File an 'Application to Chief District Judge Seeking Leave to File'" (ECF No. 1-2) (hereafter "Objection to Order").

Based on the information in the application to proceed *in forma pauperis*, the Court will grant that application. Houston will not be required to pay the filing fee for this action.

However, the Court screens Houston's petition and determines that it appears to be unexhausted in state court. The Court will grant Houston an opportunity to show cause why this action should not be dismissed on that ground.

Rule 4 requires a federal district court to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural

defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Houston challenges a conviction and sentence imposed by Nevada's Eighth Judicial District Court (Clark County). On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months. The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. *Houston v. State of Nevada*, Case No. 84281. According to Houston, on May 26, 2022, he filed a petition for writ of habeas corpus in the state district court and has appealed from the denial of relief in that case. (Petition, ECF No. 1-1, p. 1.) Houston states that he presented all the claims in his federal petition to the state supreme court. (*Id.*) It is unclear from Houston's petition, however, whether the appeal in his state post-conviction habeas action has been completed, or, for that matter, whether his direct appeal has been completed. Houston states: "The briefing schedule for the direct appeal was reinstated." (*Id.*) Houston states that he has a case currently pending in the Nevada Supreme Court. (*Id.* at 2.)

A federal court will not grant a state prisoner's petition for habeas relief unless the petitioner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S.

838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

In January 2023, Houston filed a federal habeas petition in this court, and it was dismissed without prejudice as unexhausted. *Houston v. Bean*, Case No. 2:23-cv-00031-RFB-DJA, ECF No. 19. The Ninth Circuit Court of Appeals denied a certificate of appealability. *Id.* at ECF No. 27. Houston filed another federal habeas petition in this court in August 2023. *Houston v. Williams*, 2:23-cv-01210-APG-DJA. That case, too, was dismissed without prejudice as unexhausted. *Id.* at ECF No. 3. And, again, the Ninth Circuit Court of Appeals denied a certificate of appealability. *Id.* at ECF No. 24. As in those two previously filed federal habeas petitions, Houston's claims in this action appear to be unexhausted. (*See* Petition, ECF No. 1-1.)

The Court will grant Houston an opportunity to make a showing why this case should not be dismissed without prejudice as unexhausted. To do so, Houston must explain, or, better, submit documents showing, the status of the appeal in his state habeas action and the status of his direct appeal; he must show that those appeals have been completed, giving the highest available state appellate court the opportunity to consider and rule on all the claims he asserts in this case. The best way to do this would be by submitting copies of state appellate court rulings showing as much.

If Houston does not make a colorable showing that this case should not be dismissed, or if he fails to respond to this order in the time allowed, this action will be dismissed without prejudice as unexhausted.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee for this action.

The Clerk of the Court is directed to separately file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) and Petitioner's "Objection to the

Impressment of Plaintiff Requiring Mr. Houston to File an 'Application to Chief District Judge Seeking Leave to File'" (ECF No. 1-2).

It is further ordered that Petitioner will have 90 days from the date this order is entered to file a "Response to Order to Show Cause," showing why this action should not be dismissed for the reasons stated in this order.

DATED THIS 28th day of January, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4