UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>                          Petitioner,<br><br>        v.<br><br>JEREMY BEAN, *et al.*,<br><br>                          Respondents. | Case No. 3:24-cv-00605-ART-CLB<br><br>ORDER |

In this habeas corpus action, on January 28, 2025, the Court ordered the *pro se* petitioner, Matthew Travis Houston, to show cause why the case should not be dismissed as wholly unexhausted in state court. (ECF No. 4.) Houston's response to the order to show cause was due on May 28, 2025. (*See* ECF Nos. 4, 15, 22.) Houston filed nine documents in response to the order to show cause: ECF Nos. 7/8 (identical), 9, 10, 16, 17, 18/20 (identical) and 19.

Houston challenges a conviction and sentence for aggravated stalking imposed by Nevada's Eighth Judicial District Court (Clark County) on December 8, 2021. The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. *Houston v. State of Nevada*, No. 84281, 2022 WL 731981 (Nev. Mar. 10, 2022). According to Houston, on May 26, 2022, he filed a petition for writ of habeas corpus in the state district court. (ECF No. 1-1, p. 1.) It is unclear from Houston's petition, however, whether that action has been completed, or, for that matter, whether his direct appeal has been completed. Houston states: "The briefing schedule for the direct appeal was reinstated." (*Id.*)

A federal court will not grant a state prisoner's petition for habeas relief unless the petitioner has exhausted his available state remedies for all claims raised. *Rose v. Lundy,* 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must

1

give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

In his April 10, 2025, filing (ECF No. 9), Houston refers to Case No. 86972 in the Nevada Court of Appeals. In that case, in an order entered on February 3, 2025, the Nevada Court of Appeals addressed an appeal from district court orders denying Houston's postconviction petition for writ of habeas corpus. *Houston v. Johnson*, No. 86972-COA, No. 87443-COA, 2025 WL 395702 (Nev. Ct. App. Feb. 3, 2025). The Nevada Court of Appeals affirmed in part, reversed in part, and remanded the case to the district court for evidentiary hearings. *Id*. The case apparently remains pending in the state district court.

In view of the allegations in Houston's petition and taking into consideration the documents filed by Houston in response to the order to show cause, as well as the February 3, 2025, order of the Nevada Court of Appeals in Houston's state habeas action, this Court determines that Houston does not show that he has exhausted in state court any claim for habeas corpus relief. This action is therefore subject to dismissal as premature and wholly unexhausted.

///
///
///
///

1    It is therefore ordered that this action is dismissed without prejudice.

2    It is further ordered that Petitioner is denied a certificate of appealability
3 because jurists of reason would not find it debatable whether this ruling is correct.

4    It is further ordered that all pending motions (ECF Nos. 23, 24, 27) are
5 denied.

6    The Clerk of the Court is directed to enter judgment accordingly and close
7 this case.

8    DATED THIS 16th day of July, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE